**Shawn HINES, Plaintiff,**

v.

**The IRVINGTON COUNSELING CENTER, et al., Defendants.**

**Civil Action No. 95–1342 (MTB).**

United States District Court,
D. New Jersey.

Jan. 23, 1996.

Shawn Hines, Irvington, N.J., pro se.

Kathleen Hart, Fitzpatrick, Reilly, Supple & Gaul, New Providence, NJ, for Irvington Counseling Center, Dr. Chiernan and Norma Lafferty.

Peter G. O'Malley, Asst. U.S. Atty., U.S. Attorney's Office, Newark, NJ, for The Irvington Social Security Office.

## ORDER

BARRY, District Judge.

 This matter having come before the court upon the timely filing of an objection by plaintiff Shawn Hines, to the Report and Recommendation ("R & R") of the Honorable Stanley R. Chesler, U.S.M.J., regarding defendants'[1] motion to dismiss the complaint for lack of subject matter jurisdiction, personal jurisdiction, and the failure to state a claim upon which relief can be granted; and the court having considered the submissions of the parties without oral argument; and

it appearing that plaintiff brought this action under 42 U.S.C. §§ 1981, 1983 and 1985 for the recovery of monetary damages allegedly suffered by him as a result defendants' allegedly unconstitutional conduct and denial of social security benefits; and

it appearing that on October 30, 1995, Magistrate Judge Chesler recommended that this court grant defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction on account of the federal defendants' sovereign immunity; and

it appearing that plaintiff's objection letter of November 3, 1995 does not state any objections with regard to the Magistrate Judge's recommendation that this court dismiss plaintiff's complaint for lack of subject matter jurisdiction on account of the federal defendants' sovereign immunity; and

it appearing that those factual findings to which plaintiff did object are immaterial to the relevant jurisdictional determination[2]; and

---

1. Only those defendants referred to throughout this litigation as the "federal defendants" have joined in this motion to dismiss. The "federal defendants" are the Irvington office of the Social Security Administration ("the SSA"), Vivianne Reilly and Carmine Bertoldo. Ms. Reilly and Mr. Bertoldo are employees of the SSA's Irving-ton office and are being sued by plaintiff only in their official capacities.

2. Plaintiff's objections regarding the factual findings contained in the R & R concern only the extent to which plaintiff's constitutional rights

it appearing that Magistrate Judge Chesler further recommended that, even if plaintiff amended his complaint to include a constitutional tort claim (a *"Bivens"* claim) against the defendants Reilly and Bertoldo in their individual capacities, such a claim likewise should be dismissed for lack of subject matter jurisdiction; and

it appearing that, because plaintiff timely objected to this portion of the R & R, this court now must exercise *de novo* review over the issue, *see Menna v. Johns-Manville Corp.,* 585 F.Supp. 1178, 1181 (D.N.J.1984), *aff'd mem.* 772 F.2d 895 (3d Cir.1985); and

it being the opinion of the court that claims of sovereign immunity would not bar a constitutional tort action brought against defendants Reilly and Bertoldo in their individual capacities, *see Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); and

it being the opinion of the court that this case is controlled by *Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) in which the United States Supreme Court, on facts very similar to the case at bar, held that "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies," *id.* at 423, 108 S.Ct. at 2467–68 (refusing to recognize constitutional tort action under the Social Security Act ("the Act") against SSA officials where plaintiff claimed that the officials' unconstitutional conduct resulted in loss of benefits, emotional distress, and various other sources of consequential damages); and

it being the opinion of the court that, because "the Act, however, makes no provision for remedies in money damages against offi-

cials responsible for unconstitutional conduct that leads to the wrongful denial of benefits," *id.* at 424, 108 S.Ct. at 2468, this court must honor the remedial scheme fashioned by Congress and may not supplement that scheme with additional *Bivens* remedies,[3] *id.* 426–27, 108 S.Ct. at 2469–70; and

it being the opinion of the court that Magistrate Judge Chesler's conclusion that this court lacks subject matter jurisdiction over plaintiff's complaint and would continue to lack jurisdiction if plaintiff were to amend his complaint to include claims against defendants Reilly and Bertoldo in their individual capacities was correct and should be adopted by this court;

IT IS on this 23rd day of January, 1995,

ORDERED that the Report and Recommendation of Magistrate Judge Chesler be and hereby is adopted by this court; and it is further

ORDERED that plaintiff's complaint be dismissed for lack of subject matter jurisdiction pursuant Fed.R.Civ.P. 12(b)(1).

## REPORT AND RECOMMENDATION

Filed Oct. 30, 1995

CHESLER, United States Magistrate Judge.

### I. Introduction

This matter comes before the Court on the motion of the Federal Defendants[1] to dismiss the complaint or for summary judgement. This matter was referred to the undersigned by the Honorable Maryanne Trump Barry, U.S.D.J. No oral argument was heard, pursuant to Fed.R.Civ.Pro. 78. For the reasons stated below, it is recommended that the motion be granted.

---

allegedly were violated. The extent of plaintiff's injuries and the constitutionality of defendants' conduct, however, is irrelevant to Magistrate Judge Chesler's recommendation to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1).

**3.** Thus, plaintiff's argument that the Act "mentions nothing about violations of equal protection by government employees, refusal to disburse

government documents to those requesting them or intentional infliction of emotional distress by government employees" (Pl.'s 11/03/95 Letter Brief Imposing Objections at 4–5), supports defendants' position more so than it does his own.

**1.** The Federal Defendants are the Social Security Administration's office in Irvington, and employees Vivianne Reilly and Carmine Bertoldo of that office.

## II. Background

The facts in this case are as follows. Plaintiff Shawn Hines was apparently hospitalized for psychiatric problems in February, 1994, following an incident with the Dean of the law school he had attended for several years. (Report of Dr. Edward R. Tabbanor, New Jersey Dept. of Labor, Div. of Disability Determinations, of Oct. 18, 1994 at 1 [hereinafter "Tabbanor Rept."].) This incident led to his expulsion from law school. (*Id.* at 2.) Mr. Hines' mother, attorney Sharon [Hines] Wade–Spearman, requested at that time that social security benefits be paid on behalf of her son and that she be named his representative payee to receive the payments. (Application for Supplemental Security Income of Feb. 24, 1994, attached to Declaration of Kenneth Kuiken as exhibit 1.) These benefits were denied, partly due to the fact that Mr. Hines refused to be examined by a Social Security physician. (Declaration of Kenneth Kuiken, Assistant District Manager, Irvington Social Security Administration office at ¶ 6 [hereinafter "Kuiken Decl."].)

On September 8, 1994, Plaintiff Hines was mugged.[2] On September 12, 1994, Ms. Wade–Spearman filed a request that the Social Security Administration [hereinafter "SSA"] reconsider their former denial of payments to her son, Plaintiff Hines. (Request for Reconsideration of Sept. 12, 1994, attached to Kuiken Decl. as exhibit 2.) The reconsideration was granted, and Mr. Hines was examined for the SSA by Dr. Tabbanor on October 18, 1994. Dr. Tabbanor determined that Plaintiff Hines was "competent to manage his own benefit payments." (Tabbanor Rept. at 4.) A non-examining doctor reviewed Dr. Tabbanor's report and determined that Mr. Hines was disabled for the purpose of receiving benefits and "was capable of handling his own benefits." (Kuiken Decl. at ¶ 8.) The date of this determination is unclear.

Ms. Wade–Spearman, however, was concerned about her son's ability to manage his finances and discussed her concerns with defendant Vivianne Reilly, a Claims Representative assigned to the SSA Irvington District Office. On January 6, 1995, Ms. Wade–Spearman again requested that she be named her son's representative payee. (*Id.* at ¶ 9.) Benefit payments had not yet begun. (Pl's Mem. of Law in Opp'n to Def. SSA's Mot. for Summ.J. at 2 ("I began receiving social security payments in February of 1995.") [hereinafter Pl's Mem.].)

Mr. Hines became aware of his mother's request that she be named his representative payee, and on January 9, 1991, informed Defendant Carmine Bertoldo, another Claims Representative assigned to the SSA Irvington District Office, of his objections. (Kuiken Decl. at ¶ 10.) Defendant Bertoldo therefore prepared a Physician's/Medical Officer's Statement of Patient's Capability to Manage Benefits form and, despite Plaintiff Hines' request that he be permitted to hand-carry the form to his doctor, Defendant Bertoldo mailed it to Defendant Irvington Counseling Center on January 10, 1995. (*Id.* at ¶ 12.) The form was completed by Dr. B. Chernin, a psychiatrist at the Irvington Counseling Center, on January 31, 1995. Dr. Chernin indicated that "[c]lient is manifesting Chronic Paranoid Schizophrenia symptomology and without medication is unable to make appropriate decisions and judgments about use of money." (Physician's/Medical Officer's Statement of Patient's Capability to Manage Benefits form, January 31, 1995, at 2, attached to Kuiken Decl. as exhibit 10 [hereinafter "Capability Form"].) Plaintiff Hines contends that Dr. Chernin "had seen [the plaintiff] on one or possibly two occasions prior to being [asked by the SSA to determine] whether I should be able to receive my benefits directly." (Compl. at ¶ 8.)

On the basis of Dr. Chernin's report, Ms. Wade–Spearman was named as Plaintiff Hines' representative payee. Mr. Hines signed a form stating

> I understand and agree with the following ... SSA has selected Sharon Spearman to be my representative payee.... I understand that I have the right to appeal SSA's decision. I can appeal the choice of who will be the representative payee.... I

---

2. "[T]wo men attacked me with metal pipes nearly killing me...." (Letter to Judge Chesler from Shawn Hines of Oct. 10, 1995 at 1 [hereinafter "Hines Ltr."].)

understand that I must file an appeal within 60 days.... I have to ask for the appeal in writing. I will contact an SSA office if I wish to appeal.

(SSA Form 4164(9–94), dated 1–31–95, attached to Kuiken Decl. as exhibit 13.)

Social Security payments began to Mr. Hines in February, 1995. Mr. Hines alleges that his mother refused to disburse money to him when he needed it, that he had insufficient funds to eat and, as a result, he lost his apartment, his bed, and his refrigerator. (Pl's Mem. at 2.) On February 21, 1995, Mr. Hines went to the SSA and requested that he be named his own payee. (Kuiken Decl. at ¶ 14.) A second "capability form" was forwarded to the Irvington Counseling Center requesting that a physician there re-evaluate Mr. Hines' ability to manage his finances. (*Id.* at ¶ 15.) The Counseling Center failed to return this second form. (*Id.*)

Mr. Hines returned to the SSA on February 26, 1995 and gave Mr. Kenneth Kuiken, Assistant District Manager of the Irvington Social Security Office, a copy of a Summons and Complaint dated January 24, 1995. (*Id.* at ¶ 17.) According to Mr. Kuiken, he received only one copy of the Summons and Complaint, which was addressed to the Irvington Office and to defendants Reilly and Bertoldo.

Mr. Kuiken took it upon himself to interview Mr. Hines at length on February 27, 1995 and March 16, 1995, following which he made a lay determination that Mr. Hines was capable of receiving his benefits directly. (*Id.* at ¶¶ 19–20.) Benefits were thus paid directly to Mr. Hines commencing April, 1995. (*Id.* at ¶ 21.) Ms. Wade–Spearman did not object to this arrangement when Mr. Kuiken informed her of the change. (*Id.* at ¶ 22.)

According to Mr. Kuiken, a sheriff's deputy delivered summonses and complaints to the Irvington SSA District Office on April 4, 1995. (*Id.* at ¶ 23.) One was addressed to "Irvington Social Security, Mr. Bertaldi [sic], Ms. Riley [sic]," and two others were addressed to the Irvington Counseling Center and their defendant employees, and to Alvin [3]

and Sharon Spearman. (*Id.*) The later two were returned to the plaintiff. (*Id.*). Plaintiff contends that he sent three summonses and complaints, each addressed to the three Federal Defendants, to the Irvington Office. (Hines Ltr. at 4–5.)

Plaintiff's complaint alleges various causes of action against the various defendants. The claims against the Federal Defendants are: count one, which appears to allege violations of 42 U.S.C. §§ 1982, 1983 and 1985 by defendant Reilly, count five, which alleges violations of those sections by defendant Bertoldo, and count seven which claims that the Social Security Agency [sic] is "liable for the wrongs of its employees under the theories of respondeat Superior and vicarious liability." (Compl. at ¶ 42.)

### III. Discussion

The Federal Rules of Civil Procedure provide for motions to dismiss a complaint for "(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person ... [and] (6) failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(1)–(2), (6). Federal Defendants herein have moved to dismiss Plaintiff Hines' complaint under these sections.

#### A. Subject Matter Jurisdiction

 Federal courts are not courts of general jurisdiction and may only hear cases which are before them under the authority of Article III of the Constitution or under statutes enacted by Congress under that Article. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. *Hunter v. Greenwood Trust Co.,* 856 F.Supp. 207, 211 (D.N.J. 1992).

 "Federal question jurisdiction exists if the action 'arises under' the 'Constitution, laws or treaties of the United States.'" *United Jersey Banks v. Parell,* 783 F.2d 360,

---

3. Sharon Spearman's current husband.

365 (3d Cir.), *cert. denied, sum nom. First Fidelity Bancorporation v. Parell,* 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986) (*citing* 28 U.S.C. § 1331). "Claims are deemed to arise under federal law for jurisdictional purposes if resolution of a federal question necessarily plays a significant role in the proceedings." *Rosenberg v. AT & T Employees Fed. Credit Union,* 726 F.Supp. 573, 576 (D.N.J.1989). "[T]he federal question must appear on the face of the complaint. . . . [F]ederal jurisdiction cannot be created by anticipating a defense based on federal law." *Parell,* 783 F.2d at 365.

▮▮▮▮ "A Federal court has broad power to decide whether it has jurisdiction to hear a case and may make factual findings which are decisive to the issue of jurisdiction. The burden of demonstrating the existence of Federal jurisdiction is on the party seeking to invoke it." *Biase v. Kaplan,* 852 F.Supp. 268, 285 (D.N.J.1994).

▮▮▮ Even if a federal question is apparent from the face of the complaint, as here, where the plaintiff has asserted Federal causes of action under 42 U.S.C. §§ 1981, 1983 and 1985, the Court's jurisdiction to hear the complaint could be limited by other factors, such as immunity. *Biase,* 852 F.Supp. at 285 (case barred by sovereign immunity would be dismissed under Fed. R.Civ.P. 12(b)(1)).

### 1. Sovereign Immunity

▮▮▮▮ Under the doctrine of sovereign immunity, "the United States may not be sued without its consent and the existence of such consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). A suit against a Federal agency is a suit against the United States for the purposes of sovereign immunity. *Biase,* 852 F.Supp. at 277. A suit filed against a Federal officer in his or her official capacity is actually a suit against the United States. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) ("a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.") "In deciding whether an action is in reality one against the Government, the identity of the named parties defendant is not controlling; the dispositive inquiry is 'who will pay the judgment?' " *Stafford v. Briggs,* 444 U.S. 527, 542, 100 S.Ct. 774, 783, 63 L.Ed.2d 1 (1980). Therefore, because the plaintiff here has sued the SSA, a Federal agency and the SSA employees in their official capacities, (Compl. at ¶ 41.), this case must actually be considered a suit against the United States and sovereign immunity applies.

▮▮▮ "The United States' consent to be sued must be express in order to constitute a waiver of sovereign immunity." *Biase,* 852 F.Supp. at 278. Neither § 1981 nor § 1985 contain express consents to suit by the United States, nor contain any other waiver of sovereign immunity. *See* 48 U.S.C. §§ 1981, 1985. "It has, in fact, been consistently held that neither section 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States or a Federal agency." *Biase,* 852 F.Supp. at 280. It should be noted that no suit may be maintained against any Federal defendant under § 1983 in any case, because that section specifically requires state action and none has been alleged here. *See* 48 U.S.C. § 1983; Pl's Compl. Therefore, because sovereign immunity applies to all the Federal defendants, Plaintiff Hines may not sustain a suit against either the SSA itself or the SSA employees sued in their official capacity, and his complaint should be dismissed under Fed. R.Civ.P. 12(b)(1).

### 2. The possibility of a "Bivens" action

▮▮▮ It should be noted, however, that sovereign immunity does not bar a suit against the SSA employees in their individual capacities. *Bivens v. Six Unknown Named Agents, etc.,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Hayes v. FBI,* 562 F.Supp. 319, 322 (S.D.N.Y.1983). In *Bivens,* the Supreme Court allowed constitutional tort actions against individual Government officials. *Bivens,* 403 U.S. at 410, 91 S.Ct. at 2011–12 (Harlan, J., concurring). The *Bivens* Court acknowledged, however, that sovereign immunity barred such suits against the Federal agency. *Id.* Therefore, Plaintiff

Hines could theoretically amend his complaint or otherwise re-plead his case against the SSA employee defendants in their individual capacities in an attempt to generate proper subject matter jurisdiction for his case.

This attempt would not be successful, however, because of a later case which created an exception under *Bivens*. In *Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988), the Court declared that "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies." *Id.* at 423, 108 S.Ct. at 2468. The *Schweiker* Court was evaluating an allegation of wrongfully denied disability benefits. *Id.* at 417–18, 108 S.Ct. at 2464–65. The Court determined that Congress provided elaborate and comprehensive administrative remedies for allegedly harmful SSA actions, including an internal appeal process and eventual access to the district courts. *Id.* at 424, 108 S.Ct. at 2468. The Social Security Disability Benefits Reform Act of 1984, 42 U.S.C. 405 et. seq. [hereinafter "The Act"], provides for civil actions "*after* any final decision of the Secretary made after a hearing." 42 U.S.C. 405(g) (emphasis added). "The Act, however, makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits," *Schweiker*, 487 U.S. at 424, 108 S.Ct. at 2468, the wrong at issue in *Schweiker*, or for unconstitutional conduct that leads to precluding the individual from collecting their own benefits or for delaying the collection procedure, the other wrongs alleged by Plaintiff Hines in the instant case.

As noted previously, Plaintiff Hines acquiesced in the appointment of his mother as his representative payee by signing the SSA form, and was made aware of the availability of an appeals process. As far as Plaintiff Hines' claim that SSA employee Mr. Bertoldo's "actions caused the plaintiff to be denied benefits," (Compl. at ¶ 27.), and his claim that SSA employee Ms. Reilly "caused withhold-

ing of benefits," (*Id.* at ¶ 5.), there are administrative procedures which should have been followed to rectify these wrongs. 42 U.S.C. 405(g). Mr. Hines claims that he "sat with a worker and informed him that [he] wanted [his] case reviewed." (Hines Ltr. at 2.) He indicated that he "chose case review, the social security office never decided [his] case." *Id.* Be that as it may, 1) § 405(g) only provides for district court review of *final* SSA decisions and there is no final decision in this matter and 2) the Act does not provide for money damages, as the instant suit requests, against social security officials who cause constitutional harm. *Schweiker*, 487 U.S. at 424, 108 S.Ct. at 2468. *Schweiker* controls. This Court can not grant itself jurisdiction over a matter where none has been provided for by Congress.

## IV. Conclusion

This Court does not have subject matter jurisdiction over this suit as currently plead, and repleading against the Federal Employee Defendants in their individual capacities would not withstand the holding in *Schweiker*. A suit against the Federal Employee Defendants in their individual capacities would still need to be dismissed. Therefore, this Court recommends that the complaint be dismissed as against the Federal defendants: the SSA and the SSA employees Reilly and Bertoldo.

The Court need not reach the other issues raised by the defendants because of the recommendation that this complaint be being dismissed under Fed.R.Civ.P. 12(b)(1).

The parties are reminded that, pursuant to Local Rule 40D(5), they have ten (10) days from the issuance of this Report and Recommendation to file and serve objections to it.